**Renfil SYAMSIR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–72722.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2013.\*

Filed Sept. 26, 2013.

Armin Alexander Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Christina J. Martin, Esquire, Trial, Oil, U.S. Department of Justice, Washington, DC, for Respondent.

Before RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM \*\*

Renfil Syamsir, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Lim v. INS,* 224 F.3d 929, 933 (9th Cir.2000), and we re-

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir.2011). We deny the petition for review.

Substantial evidence supports the BIA's finding that Syamsir, who was never arrested, physically harmed, or directly threatened, failed to establish past persecution. *See Lim*, 224 F.3d at 936; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (petitioner failed to present evidence that compelled a finding of past persecution). Substantial evidence also supports the finding that Syamsir failed to establish it is more likely than not he will be persecuted if returned to Indonesia. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of future persecution too speculative). Accordingly, Syamsir's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT protection because Syamsir failed to establish it is more likely than not he will be tortured in Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

Finally, we reject Syamsir's due process claim because he failed to establish prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.